[818 NYS2d 366]

In the Matter of STEPHEN D. ROGOFF, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 9, 2006

**APPEARANCES OF COUNSEL**

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Lawrence J. Andolina,* Rochester, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 16, 1972, and maintains an office for the practice of law in Rochester. The Grievance Committee filed a petition charging respondent with misconduct arising from his representation of both the sellers and the buyer in a real estate transaction. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. After the hearing, the Referee submitted a report, which the Grievance Committee and respondent each move to confirm.

The uncontroverted evidence before the Referee established that respondent improperly represented both the sellers and the buyer in the sale of a motel property and that respondent failed to make appropriate disclosures to either the sellers or the buyer concerning the dual representation.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 5-105 (a) (22 NYCRR 1200.24 [a])—failing to decline proffered employment if the exercise of his independent professional judgment on behalf of the client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve him in representing differing interests, and a disinterested lawyer would not believe that he could competently represent the interest of each client and each client did not consent to the representation after full disclosure of the implications of the simultaneous representation and the advantages and risks involved; and

DR 5-105 (b) (22 NYCRR 1200.24 [b])—continuing multiple employment if the exercise of his independent professional judgment on behalf of a client will be or is likely to be adversely affected by his representation of another client or if it would be likely to involve him in representing differing interests, and a disinterested lawyer would not believe that he could competently represent the interest of each client and each client did not consent to the representation after full disclosure of the implications of the simultaneous representation and the advantages and risks involved.

We have considered the matters submitted by respondent in mitigation, including that respondent undertook the dual representation at the insistence of the buyer, had no financial interest in the transaction and charged the sellers and the buyer one half of his usual fee. Additionally, we note that respondent cooperated with the Grievance Committee and has expressed remorse for his misconduct. Respondent, however, has previously received a letter of admonition for entering into a business transaction with a client without full disclosure, and, letters of caution for conduct that included engaging in representation involving conflicts of interest. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

PIGOTT, JR., P.J., HURLBUTT, KEHOE, MARTOCHE and SMITH, JJ., concur.

Order of censure entered.